# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE L. HARRIS, | 1:11-cv-01912-LJO-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING EXHAUSTION |
| v. | (Doc. 1; Doc. 9) |
| J. ROSCELLI, et al., | |
| Defendants. | |

## I.   Factual and Procedural Background

Willie L. Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 17, 2011, Plaintiff filed his original complaint. Doc. 1. On page two of the form complaint, Plaintiff states that he has not completed exhaustion of administrative remedies due to the fact that his appeal was still pending. Doc. 1 at 2. On April 18, 2012, Plaintiff filed an amended complaint in which he indicates that he has finally exhausted administrative remedies and that he administrative appeal was denied at the final level. Doc. 9 at 2.

## II.   Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

1 available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available
2 administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney*
3 *v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without
4 prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164,
5 1170 (9th Cir. 2005).

6 Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532
7 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out,
8 enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir.
9 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to
10 non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42
11 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

12 The Court takes judicial notice of the fact that the California Department of Corrections and
13 Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit.
14 15 § 3084.1 (2011). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2. Three
15 levels of appeal are involved, including the first formal level, second formal level, and third formal
16 level, also known as the "Director's Level." *Id.* at § 3084.7. Appeals must be submitted within thirty
17 calendar days of the event being appealed, and the process is initiated by submission of the appeal
18 to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.8.

19 In order to satisfy section 1997e(a), California state prisoners are required to use the available
20 process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378,
21 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and
22 . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435
23 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet
24 federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting
25 *Booth*, 532 U.S. at 739 n.5).

26 It is clear that Plaintiff filed this action prior to the exhaustion of his administrative remedies.
27 The Court must dismiss a case without prejudice even when there is exhaustion while the suit is
28 pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005). Because it is clear from the face of

Plaintiff's complaint that he has not yet exhausted, this action should be dismissed. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

### III.  Conclusion and Order

Based on the foregoing, the Court HEREBY ORDERS: Within thirty (30) days of the date of service of this order, Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:    September 18, 2012

UNITED STATES MAGISTRATE JUDGE

3